IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

ADAM CHRISTMAN, an individual, :
:  Case No.: 1:25-CV-392
          Plaintiff, :
: **ANSWER TO**
         v. : **THE COMPLAINT**
:
FITBIT, LLC, a Delaware Limited Liability Company, :
:
         Defendant. :
-----------------------------------------------------------------------X

Defendant, FITBIT, LLC, by and through their attorneys, WOOD, SMITH, HENNING & BERMAN LLP and , REMINGER CO., LPA, as and for their Answer to the Complaint of Plaintiff, ADAM CHRISTMAN, allege, upon information and belief, as follows:

### AS FOR A RESPONSE TO "NATURE OF THE CASE"

1. Denies knowledge or information sufficient to form a belief as to the paragraph designated "1" of the Complaint.

2. Denies the allegations set forth in the paragraph designated "2" of the Complaint except admits that the quotes contained therein are provided without context or the entirety of the information for an accurate understanding.

3. Denies the allegations set forth in the paragraph designated "3" of the Complaint.

4. Denies the allegations set forth in the paragraph designated "4" of the Complaint.

5. Denies the allegations set forth in the paragraph designated "5" of the Complaint.

6. Denies the allegations set forth in the paragraph designated "6" of the Complaint.

7. Denies the allegations set forth in the paragraph designated "7" of the Complaint.

8. Denies the allegations set forth in the paragraph designated "8" of the Complaint.

**AS AND FOR A RESPONSE TO "PLAINTIFF ADAM CHRISTMAN"**

9.  Denies knowledge or information sufficient to form a belief as to the paragraph designated "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the paragraph designated "10" of the Complaint.

**AS AND FOR A RESPONSE TO "DEFENDANT FITBIT, LLC"**

11. Denies knowledge or information sufficient to form a belief as to the paragraph designated "11" of the Complaint.

12. Denies the allegations set forth in the paragraph designated "12" of the Complaint except admits that Fitbit, LLC, formerly Fitbit, Inc., was acquired by Google LLC.

13. Admits the allegations contained in the paragraph designated "13" of the Complaint.

14. Admits the allegations contained in the paragraph designated "14" of the Complaint.

15. Admits the allegations contained in the paragraph designated "15" of the Complaint.

16. The allegations contained in paragraph "16" of the Complaint constitute a conclusion of law for which no response is required.

**AS AND FOR A RESPONSE TO JURISDICTION AND VENUE**

17. The allegations contained in paragraph "17" of the Complaint constitute a conclusion of law for which no response is required.

18. The allegations contained in paragraph "18" of the Complaint constitute a conclusion of law for which no response is required. To the extent that a response is deemed

required, the responding defendant denies knowledge or information sufficient to form a belief that "all or a substantial part of the events or omissions giving rise to this claim occurred in this district."

19. The allegations contained in paragraph "19" of the Complaint constitute conclusions of law for which no response is required.

### AS AND FOR A RESPONSE TO "FACTUAL BACKGROUND"

20. Denies the allegations set forth in the paragraph designated "20" of the Complaint.

21. Denies the allegations set forth in the paragraph designated "21" of the Complaint.

22. Denies the allegations set forth in the paragraph designated "22" of the Complaint.

23. Denies the allegations set forth in the paragraph designated "23" of the Complaint.

24. Denies the allegations set forth in the paragraph designated "24" of the Complaint.

25. Denies the allegations set forth in the paragraph designated "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "26" of the Complaint, inclusive of its subparts "i." through "xv."

27. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "29" of the Complaint.

30. Denies the allegations set forth in the paragraph designated "30" of the Complaint.

31. Denies the allegations set forth in the paragraph designated "31" of the Complaint.

32. Denies the allegations set forth in the paragraph designated "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "33" of the Complaint.

### AS AND FOR A RESPONSE TO "CAUSES OF ACTION I – IV"

34. Defendant repeats, reiterates, and re-alleges each and every response set forth above as if fully set forth herein and denies knowledge or information sufficient to form a belief as to the allegation(s) set forth in the paragraph designated "34" of the Complaint.

35. Denies the allegations set forth in the paragraph designated "35" of the Complaint.

36. Denies the allegations set forth in the paragraph designated "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "37" of the Complaint.

38. Denies the allegations set forth in the paragraph designated "38" of the Complaint.

39. Denies the allegations set forth in the paragraph designated "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "40" of the Complaint.

41. Denies the allegations set forth in the paragraph designated "41" of the Complaint.

42. Denies the allegations set forth in the paragraph designated "42" of the Complaint.

43. Denies the allegations set forth in the paragraph designated "43" of the Complaint.

44. Denies the allegations set forth in the paragraph designated "44" of the Complaint.

45. Denies the allegations set forth in the paragraph designated "45" of the Complaint, inclusive of all subparts "a." through "h."

46. Denies the allegations set forth in the paragraph designated "46" of the Complaint.

47. Denies the allegations set forth in the paragraph designated "47" of the Complaint.

48. Denies the allegations set forth in the paragraph designated "48" of the Complaint.

49. Denies the allegations set forth in the paragraph designated "49" of the Complaint.

50. Denies the allegations set forth in the paragraph designated "50" of the Complaint.

51. Denies the allegations set forth in the paragraph designated "51" of the Complaint.

52. Denies the allegations set forth in the paragraph designated "52" of the Complaint.

### AS AND FOR A RESPONSE TO "CAUSE OF ACTION V"

53. Defendant repeats, reiterates, and re-alleges each and every response set forth above as if fully set forth herein and denies knowledge or information sufficient to form a belief as to the allegation(s) set forth in the paragraph designated "53" of the Complaint.

54. Denies the allegations set forth in the paragraph designated "54" of the Complaint.

55. Denies the allegations set forth in the paragraph designated "55" of the Complaint.

56. Denies the allegations set forth in the paragraph designated "56" of the Complaint, inclusive of its subparts "a." through "f." as well the unnumbered paragraph set forth immediately after subparagraph "f."

### AS AND FOR A RESPONSE TO "CAUSE OF ACTION VI"

57. Defendant repeats, reiterates, and re-alleges each and every response set forth above as if fully set forth herein and denies knowledge or information sufficient to form a belief as to the allegation(s) set forth in the paragraph designated "57" of the Complaint.

58. Denies the allegations set forth in the paragraph designated "58" of the Complaint.

59. Denies the allegations set forth in the paragraph designated "59" of the Complaint.

60. Denies the allegations set forth in the paragraph designated "60" of the Complaint.

61. Denies the allegations set forth in the paragraph designated "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "63" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. Plaintiff has failed to state facts sufficient to constitute a cause of action against this answering defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. Upon information and belief, this Honorable Court is without subject matter jurisdiction because the parties agreed to arbitrate disputes such as those presented herein.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred, in whole or in-part, by any applicable express and/or limited warranties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in-part, because no additional warnings would have or could have prevented any alleged injuries or damages alleged in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Plaintiff's claims are barred, in whole or in-part, because the warnings and instructions to the product(s) and/or material(s) in question were adequate.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred, in whole or in-part, because the design's benefits outweigh the inherent risks.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred by virtue of the statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred, in whole or in-part, because the products and materials in question were misused, abused, mishandled, or altered, and, to the extent such conduct proximately caused damages, liability, and injuries, the responsibility lies with those persons committing the acts and not with the defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in-part, because plaintiff did not rely on any alleged representation, disclaimer, warning, act or omission of the defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in whole or in part, because the products and materials in question conform(ed) to all safety and health standards required by law at the time they were made.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff's alleged damages are barred, in whole or in-part, by virtue of the economic loss rule.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in-part, by a lack of privity with the defendant.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76. Plaintiff has not suffered damages for which they are entitled to recover.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77. Plaintiff was careless and negligent in and about the matters and activities alleged in the complaint, including plaintiff's inspection, installation, maintenance, use and repair of the subject product, and that said carelessness and negligence contributed to and/or were the proximate

causes of the alleged injuries and damages, if any, or were the sole cause thereof, and that if plaintiff is entitled to recover damages against defendant by virtue of the Complaint, defendant prays that said recovery be diminished or extinguished by reason of the negligence of plaintiff in proportion to the degree of fault attributable to them.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

78. That plaintiff and/or other person(s) were negligent in the inspection, installation, maintenance, use and repair of the subject product and/or any of its component parts, and that any loss, damage or injury, if any, sustained by the plaintiff was solely, actually, directly and proximately caused thereby.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

79. The products and materials manufactured, assembled, distributed, or supplied, by this answering defendant which are alleged to have caused damage to the plaintiff were not defectively manufactured, assembled, or designed, and could withstand normal and intended use without causing damage to property or personal injury.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

80. The damages which are the subject of this action, were solely, directly and legally caused by plaintiff or third parties or person(s) in the inspection, installation, design, manufacture, maintenance, use and/or repair of the subject product, and/or any of its component parts, in a manner not intended by these defendants, nor was the inspection, installation, design, manufacture, maintenance, use and/or repair of the subject product and any of its component parts in this case reasonably foreseeable by this defendant.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff failed to mitigate any damages she/he/they might have suffered.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

82. Plaintiff did not rely on the advice, judgment and/or skill of defendant in the purchase, inspection, installation, maintenance, use and/or repair of the subject product.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

83. Plaintiff engaged in conduct and activities sufficient to constitute a waiver by reason of which they are estopped to assert any claim or cause of action against this answering defendant.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

84. That by virtue of plaintiff's careless, negligent, or other wrongful conduct, plaintiff should be barred from recovering against this answering defendant by reason of the equitable doctrine of Unclean Hands.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

85. If it should be found that this answering defendant is in any manner legally responsible for any of the plaintiff's injuries or damages, which supposition is not admitted, but is merely stated for the purposes of this affirmative defense, then defendant alleges that other persons, companies or entities not parties to this action were careless and negligent in and about the matters alleged in the complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other defendants, persons, companies or entities, whether made parties to this action or not, be determined and pro-rated, and that any judgment that might be rendered against this answering defendant be reduced, not only by that degree of comparative negligence, fault and/or assumption of risk found to exist as to plaintiff, but also as to the total of that degree of negligence and/or fault found to exist as to said other persons, companies or entities.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

86. The damages sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations or entities other that this answering defendant, and said negligence is either imputed to plaintiff by reason of the relationship of said parties to one another and/or said negligence comparatively reduced the percentage of fault, if any, of defendant.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

87. The defendant is entitled by right of indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the claimed incident or the alleged damages.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

88. This answering defendant is entitled to a right of contribution from the other parties or any other person(s) whose negligence proximately contributed to the happening of the claimed incident or alleged damages if plaintiff should receive a verdict against this answering defendant.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

89. Plaintiff did not give this answering defendant timely notice of the alleged, or any alleged, breach of warranty with respect to the subject product.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90. If any contracts, obligations, warranties or agreements as alleged in the Complaint have been entered into, any duty or performance of this defendant has been performed as required or is excused by reason of failure of consideration, waiver, breach of condition precedent, breach by plaintiff, impossibility of performance, prevention by plaintiff, frustration of purpose and/or acceptance by plaintiff.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91. That if plaintiff's economic losses were replaced or indemnified from collateral sources, then this defendant is entitled to have the Court consider these sources as an offset against any such economic losses for which a jury renders a verdict.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

92. That the product and/or materials alleged to have been manufactured and/or distributed by the answering defendant were not in the same condition at the time of the alleged occurrence as it/they were when it/they left the answering defendant's custody and control.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

93. The damages, if any, alleged in the plaintiff's Complaint were proximately caused by the abuse and/or unforeseen misuse of the product referred to in the Complaint, either by plaintiff or others over whom the answering defendant had no control.

### AS AND FOR AN THIRTY-FIRST AFFIRMATIVE DEFENSE

94. The injuries and/or damages alleged in the Complaint were proximately caused by an unforeseeable, independent, intervening, and/or superseding event(s) beyond the control, and unrelated to, any conduct of the answering defendant.

### AS AND FOR AN THIRTY-SECOND AFFIRMATIVE DEFENSE

95. Defendant hereby reserves its rights to assert any other affirmative defenses that discovery reveals to be applicable.

WHEREFORE, defendant, FITBIT, LLC, demands judgment dismissing the Complaint against it, together with the costs and disbursements of this action, or in the alternative, in the event that plaintiff recovers any verdict and/or judgment against the answering defendant, in whole or in part, it demands apportionment in accordance with the affirmative defenses herein above set forth, together with the costs, disbursements and counsel fees incurred in the defense of this action.

Dated:  July 21, 2025

        Yours, etc.

        REMINGER CO., LPA,

        By: */s/ Vincent P. Antaki*
        Vincent P. Antaki
        Attorney for Defendants
        FITBIT, LLC
        525 Vine Street, Suite 1500
        Cincinnati, Ohio  45202
        (513) 721-1311
        (513) 721-2553 - facsimile
        Email: vantaki@reminger.com

        *In Association with:*

        John T. Cofresi, Esq.
        *Pro Hac Vice to be Filed*
        Bianca Davis, Esq.
        *Pro Hac Vice to be Filed*
        WOOD, SMITH, HENNING & BERMAN LLP
        685 Third Avenue, 18th Floor
        New York, NY 10017
        (212) 999-7128
        Our File No. 12917-0006

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document has been electronically filed using the United States District Court's CM/ECF system on this 21st day of July 2025 and that a courtesy copy of the foregoing was served via email upon:

HERZFELD, SUETHOLZ, GASTEL,
LENISKI AND WALL, PLLC
Alyson Steele Beridon
600 Vine Street, Suite 2720
Cincinnati, OH 45202
      Email: Alyson@hsglawgroup.com

Adam J. Kress, Esq.
Ann R. Rick, Esq.
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101

akress@johnsonbecker.com
arick@johnsonbecker.com

                                            */s/ Vincent P. Antaki*
                                            Vincent P. Antaki (0072471)